**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-204-LM-1 |
| | ) | |
| JESSICA PECHTEL | ) | |

**PLEA AGREEMENT**

Pursuant to Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the

United States of America by its attorney, John J. Farley, United States Attorney for the District

of New Hampshire, and the defendant, Jessica Pechtel, and the defendant's attorney, Nicholas

Howie, Esquire, enter into the following Plea Agreement:

1. The Plea and The Offense.

The defendant agrees to plead guilty to Count 1 of the Indictment that charges her with

Wire Fraud, in violation of 18 U.S.C. § 1343.

In exchange for the defendant's guilty plea, the United States agrees to the sentencing

stipulations identified in Section 6 of this agreement.   The United States also agrees to move to

dismiss Counts 2 through 10, Count 16 (with respect to the defendant), and Count 17 when the

defendant is sentenced.

2. The Statute and Elements of the Offense.

Title 18, United States Code, Section 1343 provides, in pertinent part:

> Whoever, having devised or intending to devise any scheme or
> artifice to defraud, or for obtaining money or property by means of
> false or fraudulent pretenses, representations, or promises, transmits
> or causes to be transmitted by means of [interstate] wire . . . shall be
> fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1343.

- 1 -

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First, that there was a scheme, substantially as charged in the indictment, to obtain money or property by means of false or fraudulent pretenses;

Second, that the scheme to obtain money or property by means of false or fraudulent pretenses involved a false statement, assertion, half-truth or knowing concealment concerning a material fact or matter;

Third, that the defendant knowingly and willfully participated in this scheme with the intent to defraud; and

Fourth, that for the purpose of executing the scheme or in furtherance of the scheme, the defendant caused an interstate wire communication to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, an interstate wire communication would be used, on or about the date alleged.

*Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, 2021 Revisions,* Instruction 4.18.1343, https://www.med.uscourts.gov/sites/med/files/crpjilinks.pdf.

3. <u>Offense Conduct</u>.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offense beyond a reasonable doubt:

First Seacoast Bank is a New Hampshire-based bank with servers located in New Hampshire.   Atlantic Federal Credit Union is a Maine-based credit union with servers located in Maine.

Corporation 1 was a business located in Somersworth, New Hampshire.   Corporation 1 maintained two bank accounts at First Seacoast Bank, with account numbers ending in 2117 and 3024.   The defendant was the office manager for Corporation 1.   In her role, the defendant had full access to Corporation 1's finances, including its QuickBooks accounting records, bank accounts, and company credit card ending in 2454.

- 2 -

Between in or about January 2019 and continuing through in or about March 2021, the defendant used her access to Corporation 1's finances to make unauthorized purchases and transfers of company funds to accounts that she and her co-defendant Andrew Pechtel controlled. Those accounts included a joint account at Atlantic Federal Credit Union with account number ending in 6233. This scheme had several components.

First, the defendant transferred funds from Corporation 1's First Seacoast Bank accounts to her own accounts. This is corroborated by Internet Protocol (IP) address records, which show that the transfers were initiated by a person living at the defendant's home address with an Internet subscriber account associated with the defendant's email address. The defendant disguised these transfers in Corporation 1's accounting and bank records as payments to legitimate vendors. These transfers also involved the transmission of several interstate wires. For example, on or about November 25, 2020, the defendant caused a $3,105 transfer from Corporation 1's First Seacoast Bank account ending in 2117 in New Hampshire to the defendant's joint account ending in 6233 at Atlantic Federal Credit Union in Maine.

Second, the defendant used Corporation 1's company credit card ending in 2454 to make unauthorized purchases from multiple companies, such as Amazon. The defendant also used the credit card to make payments via Venmo, an online payment transfer system owned by PayPal. Venmo records show that a significant number of payments were made to a Venmo account in the name of co-defendant Andrew Pechtel.

Third, the defendant drafted 17 checks payable to herself that were drawn from Corporation 1's First Seacoast Bank account ending in 2117. These checks were unauthorized. Bank records and video surveillance show that the defendant and co-defendant Andrew Pechtel deposited or cashed these checks.

- 3 -

Fourth, the defendant stole funds that Corporation 1 received as part of COVID-19 relief under the Coronavirus Aid, Relief, and Economic Security (CARES) Act.   For example, Corporation 1 applied for and received an approximately $58,040 Paycheck Protection Program (PPP) loan under the CARES Act.   However, the defendant transferred almost $44,000 of those funds to pay her and co-defendant Andrew Pechtel's bills and to bank accounts she and Andrew Pechtel controlled.

Overall, through this scheme, the defendant fraudulently obtained at least $587,219 in funds belonging to Corporation 1.

4. <u>Penalties, Special Assessment and Restitution</u>.

The defendant understands that the penalties for the offense are:

A.      A maximum prison term of 20 years (18 U.S.C. § 1343);

B.      A maximum fine of $250,000 or twice the gross gain or loss, whichever is greater (18 U.S.C. § 3571(b)(3) or (d));

C.      A term of supervised release of not more than 3 years (18 U.S.C. §§ 3559(a)(3); 3583(b)(2)). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release; and

D.      A mandatory special assessment of $100 for each count of conviction, at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(A)); and

E.      In addition to the other penalties provided by law, the Court may order the defendant to pay restitution to the victim(s) of the offense (18 U.S.C. § 3663 or § 3663A).

F.      To facilitate the payment and collection of any restitution that may be ordered, the defendant agrees that, upon request, she will provide the United States with a financial disclosure statement and supporting financial documentation.

The defendant further agrees that, if restitution is ordered, it shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of

payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full, including, but not limited to, the Treasury Offset Program.

5.   Sentencing and Application of the Sentencing Guidelines.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that she has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or her sentence is other than she anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

A.   Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B.   Respond to questions from the Court;

C.   Correct any inaccuracies in the pre-sentence report;

D.   Respond to any statements made by her or her counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that she may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

6. Sentencing Stipulations and Agreements.

Pursuant to Fed. R. Crim. 11(c)(1)(B), the United States and the defendant stipulate and

- 5 -

agree to the following:

    (a)    The United States will recommend that the defendant be sentenced within the applicable advisory sentencing guidelines range as determined by the Court;

    (b)    U.S.S.G. § 3B1.3 applies to this case; and

    (c)    The defendant is jointly and severally liable for no less than $587,219 in restitution.

The defendant understands that the Court is not bound by the foregoing agreements and, with the aid of a pre-sentence report, the court will determine the facts relevant to sentencing. The defendant also understands that if the Court does not accept any or all of those agreements, such rejection by the Court will not be a basis for the defendant to withdraw her guilty plea.

The defendant understands and agrees that the United States may argue that other sentencing enhancements should be applied in determining the advisory guideline range in this case, and she is permitted to object to them.

The United States and the defendant are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7.  <u>Acceptance of Responsibility</u>.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility

- 6 -

for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A. Fails to admit a complete factual basis for the plea at the time she is sentenced or at any other time;

B. Challenges the United States' offer of proof at any time after the plea is entered;

C. Denies involvement in the offense;

D. Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E. Fails to give complete and accurate information about her financial status to the Probation Office;

F. Obstructs or attempts to obstruct justice, prior to sentencing;

G. Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H. Fails to appear in court as required;

I. After signing this Plea Agreement, engages in additional criminal conduct; or

J. Attempts to withdraw her guilty plea.

The defendant understands and agrees that she may not withdraw her guilty plea if, for any of the reasons listed above, the United States does not recommend that she receive a reduction in her sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that she has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and she has assisted the United States in the investigation or prosecution of her own misconduct by timely notifying the United

States of her intention to enter a plea of guilty, thereby permitting the United States to avoid

preparing for trial and permitting the United States and the Court to allocate their resources

efficiently, the United States will move, at or before sentencing, to decrease the defendant's base

offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8.   Waiver of Trial Rights and Consequences of Plea.

The defendant understands that she has the right to be represented by an attorney at every

stage of the proceeding and, if necessary, one will be appointed to represent her.   The defendant

also understands that she has the right:

A.      To plead not guilty or to maintain that plea if it has already been made;

B.      To be tried by a jury and, at that trial, to the assistance of counsel;

C.      To confront and cross-examine witnesses;

D.      Not to be compelled to provide testimony that may incriminate her; and

E.      To compulsory process for the attendance of witnesses to testify in her
        defense.

The defendant understands and agrees that by pleading guilty she waives and gives up the

foregoing rights and that upon the Court's acceptance of her guilty plea, she will not be entitled

to a trial.

The defendant understands that if she pleads guilty, the Court may ask her questions

about the offense, and if she answers those questions falsely under oath, on the record, and in the

presence of counsel, her answers will be used against her in a prosecution for perjury or making

false statements.

9.   Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that she:

A.      Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because

- 8 -

she is guilty;

B.  Is entering into this Plea Agreement without reliance upon any promise or benefit of any
    kind except as set forth in this Plea Agreement or revealed to the Court;

C.  Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D.  Understands the nature of the offense to which she is pleading guilty,
    including the penalties provided by law; and

E.  Is completely satisfied with the representation and advice received from
    her undersigned attorney.

10.  Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the

undersigned parties and cannot bind any other non-party federal, state or local authority. The

defendant also acknowledges that no representations have been made to her about any civil or

administrative consequences that may result from her guilty plea. The defendant understands

such matters are solely within the discretion of the specific non-party government agency

involved. The defendant further acknowledges that this Plea Agreement has been reached

without regard to any civil tax matters that may be pending or which may arise involving the

defendant.

11.  Collateral Consequences.

The defendant understands that as a consequence of her guilty plea she will be

adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights,

such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if she is not a citizen of the United States, her guilty plea

to the charged offense will likely result in her being subject to immigration proceedings and

removed from the United States by making her deportable, excludable, or inadmissible. The

defendant also understands that if she is a naturalized citizen, her guilty plea may result in ending

- 9 -

her naturalization, which would likely subject her to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. The defendant understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

12.   Satisfaction of Federal Criminal Liability; Breach.

The defendant's guilty plea, if accepted by the Court, will satisfy her federal criminal liability in the District of New Hampshire arising from her participation in the conduct that forms the basis of the indictment in this case.

The defendant understands and agrees that, if after entering this Agreement, she fails specifically to perform or fulfill completely each one of her obligations under this Agreement, fails to appear for sentencing, or engages in any criminal activity prior to sentencing, she will have breached this Agreement.

If the United States, in its sole discretion, and acting in good faith, determines that the defendant committed or attempted to commit any further crimes, failed to appear for sentencing, or has otherwise violated any provision of this Agreement, the United States will be released from its obligations under this Agreement, including, but not limited to, any agreement it made to dismiss charges, forbear prosecution of other crimes, or recommend a specific sentence or a

- 10 -

sentence within a specified range. The defendant also understands that she may not use her breach of this Agreement as a reason to withdraw her guilty plea or as a basis to be released from her guilty plea.

13.  Forfeiture.

The defendant agrees to immediately and voluntarily forfeit to the United States her interest, if any, in any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of her guilty plea.

The defendant also agrees to the entry of a criminal forfeiture money judgment, pursuant to Fed. R. Crim. P. 32.2(b)(1), in the amount of no less than $587,219.00, the exact amount to be determined on or before the date of sentencing.   The money judgment represents a fair estimate of the gross proceeds which the defendant obtained, directly or indirectly, as a result of the offenses to which she is pleading guilty, specifically, 18 U.S.C. § 1343, wire fraud.   The defendant agrees the proceeds derived by her from the offense can no longer be located upon the exercise of due diligence by the United States, or are otherwise beyond the jurisdiction of this Court, so that pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p)(l)(A)-(E), the United States is entitled to forfeit substitute property in which the defendant has an interest up to the amount to be determined by the Court at the time of sentencing.

The defendant agrees to waive her right to have the Court separately determine the forfeiture of substitute property under 21 U.S.C. § 853(p)(2) and Fed. R. Crim. P. 32.2(e).   The defendant further agrees to waive the procedures set forth in Fed. R. Crim. P. 32.2(e)(2), and to waive any defenses to forfeiture of the substitute asset.   The defendant agrees to the entry of an order by this Court forfeiting said substitute property.

Any properties of the defendant forfeited as proceeds of the offense, or as substitute

- 11 -

assets shall be credited to the money judgment.

The defendant agrees and consents to the forfeiture of her interest in these assets pursuant to any criminal, civil and/or administrative forfeiture action brought to forfeit these assets.

None of the forfeitures set forth in this section shall be deemed to satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon the defendant, nor shall the forfeitures be used to offset the defendant's tax liability or any other debt owed by the defendant to the United States.

The defendant agrees to waive all constitutional, statutory, and any other challenges in any manner, including, without limitation, by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including the following: (1) the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the U.S. Constitution; (2) failure to comply with any and all requirements of Fed. R. Crim. P. 11(b)(1)(J) pertaining to the Court's advice at the change of plea hearing; and, (3) failure to comply with any and all requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument and announcement of the forfeiture at sentencing and incorporation of the forfeiture in the judgment.   The defendant further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

The defendant waives and releases any and all claims she may have to any property seized by the United States, or any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, whether forfeited or not. The defendant agrees to hold the United States, its agents, and employees, and any state or local law enforcement agency participating in the investigation and prosecution of this case, harmless

from any claims whatsoever in connection with the seizure and forfeiture, as well as the seizure, detention and return of any property in connection with the investigation and prosecution of this case.

The defendant acknowledges that the properties to be forfeited under this section are subject to forfeiture as proceeds of the illegal conduct.

14. Waivers.

A. Appeal.

The defendant understands that she has the right to challenge her guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives her right to challenge on direct appeal:

1.   Her guilty plea and any other aspect of her conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s), other adverse dispositions of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2.   The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of her rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B. Collateral Review

The defendant understands that she may have the right to challenge her guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255.  By entering into this Plea Agreement, the defendant knowingly and voluntarily waives her right to collaterally challenge:

1.   Her guilty plea, except as provided below, and any other aspect of her

- 13 -

conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s), other adverse dispositions of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2.   The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of her right to collateral review does not operate to waive a collateral challenge to her guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of her right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

15.   No Other Promises.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

- 14 -

16. Final Binding Agreement.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

17.     Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

JOHN J. FARLEY
United States Attorney

Date: 03/02/2022

By: _Alexander Chen_

Matthew T. Hunter, AUSA
Alexander S. Chen, SAUSA
53 Pleasant St., 4th Floor
Concord, NH 03301
Matthew.hunter@usdoj.gov
Alexander.chen@usdoj.gov

- 15 -

The defendant, Jessica Pechtel, certifies that she has read this 16-page Plea Agreement and that she fully understands and accepts its terms.

Date:    2/28/2022

_____
Jessica Pechtel, Defendant

I have read and explained this 16-page Plea Agreement to the defendant, and she has advised me that she understands and accepts its terms.

Date: 2/28/22

_____
Nicholas Howie, Esquire
Attorney for Jessica Pechtel

- 16 -